```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|      **Plaintiff**, | |
|              **v.** | **Criminal No**. 08-164 (FAB) |
| CARLOS DAVILA-FELIX, | |
|      **Defendant.** | |

                        **OPINION AND ORDER**

BESOSA, District Judge.

On December 13, 2011, the First Circuit Court of Appeals remanded this case for re-sentencing. <u>United States v. Davila-Felix</u>, 667 F.3d 47 (1st Cir. 2011). In a status conference held on May 16, 2012, the United States ("the government") indicated that in preparation for re-sentencing, it had acquired additional evidence concerning the June 25, 1993 convictions of defendant Carlos Davila-Felix pursuant to Article 401 of the Puerto Rico Illegal Substances Act.  Accordingly, the Court directed the parties to submit arguments as to "whether the Court can consider the documents now obtained by the [g]overnment for re-sentencing or be limited to the charging documents and original sentence." (Docket No. 116.)  Having considered defendant's motion in compliance, (Docket No. 125), the government's memorandum of law, (Docket No. 126), defendant's reply in opposition, (Docket No. 131), the government's sur-reply, (Docket No. 134), and defendant's response in opposition, (Docket No. 137), the Court finds that it MAY CONSIDER additional documents concerning

Criminal No. 08-164 (FAB)                                                                          2
_____

defendant's June 25, 1993 convictions for purposes of re-sentencing.

## I.  BACKGROUND

### A.  Procedural History

The procedural history and underlying details of this case have been enunciated in the First Circuit Court of Appeals' published opinion. (See United States v. Davila-Felix, 667 F.3d 47 (1st Cir. 2011); Docket No. 102.)  The Court, therefore, keeps its recitation of the facts brief.

Over a six-month period in 2003, defendant Davila-Felix participated in a series of armed robberies in and around San Juan, Puerto Rico. Davila-Felix, 667 F. 3d at 49.  The robberies took place on May 9, July 9, July 24, September 8, October 17, and November 3, 2003.  Id. Commonwealth of Puerto Rico authorities arrested him in March 2004 and charged him with five of the six robberies and related weapons offenses.[1]  Id.  Defendant Davila-Felix pleaded guilty to the offenses and was sentenced to six years' imprisonment for each of the robbery convictions and to five years' imprisonment for the weapons-related offenses, all to be served concurrently with each other.  Id.  He was released from prison in 2007 and indicted on April 30, 2008 on federal bank robbery and weapons charges in connection with the September 8, 2003 robbery, which is the offense before this Court.  Id. at 50.

---

[1] The September 8, 2003 robbery of First Bank Puerto Rico was the only charge that the Commonwealth of Puerto Rico did not bring against defendant.

<u>Criminal No. 08-164 (FAB)</u>                                                                 3

      Before trial began, the government filed an information pursuant to 21 U.S.C. § 851(a)(1) notifying the Court of its intention to seek a mandatory life sentence under 18 U.S.C. § 3559(c)(1), known as the "three strikes" provision.  (Docket No. 53.)  The government relied on four of defendant's prior convictions in order to satisfy the three strikes provision, and requested mandatory life imprisonment at sentencing:  (1) a May 26, 1993 conviction for second-degree murder, robbery, and two weapons violations; (2) a June 25, 1993 conviction for two violations of article 401 of the Puerto Rico Controlled Substances Act; (3) a July 20, 2000 conviction for violation of article 404 of the Puerto Rico Controlled Substances Act; and (4) an April 5, 2004 conviction for bank robbery and weapons violations.  <u>Id.</u>  On March 27, 2009, a jury found defendant guilty of using force and intimidation to rob a bank insured by the Federal Deposit Insurance Corporation ("FDIC"), in violation of 18 U.S.C. § 2113(a), and (d), and knowingly brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  <u>Davila-Felix</u>, 667 F. 3d at 50.

      At the sentencing hearing conducted on September 29, 2009, the Court sentenced defendant to life imprisonment for the bank robbery offense and 84 months' imprisonment for the weapons offense, to be served consecutively, imposing a five-year term of supervised release for each conviction, to be served concurrently.  (Docket No. 99 at p. 44.)  The Court found that the life imprisonment sentence was warranted under two distinct statutory

Criminal No. 08-164 (FAB)                                              4

provisions:  the three strikes provision of 18 U.S.C. § 3559(c)(1),[2] and the career offender guideline of U.S.S.G. § 4B1.1.[3] First, the Court interpreted the three strikes provision to mean that the offense of conviction, which the Court counted as defendant's "third strike," could be committed *before* the defendant's conviction for the preceding "second strike" offense. (See Docket No. 99 at pp. 5-13; Davila-Felix, 667 F. 3d at 52.)  Of the four convictions the government included in its information and pre-sentencing report, and that were available for consideration at sentencing, defendant's May 26, 1993 conviction for second degree murder and April 5, 2004 convictions for armed robberies provided the basis for the two prior "strikes" pursuant to 18 U.S.C. § 3559(c)(1).  (Docket No. 99 at 40-44.)  The Court thus concluded that defendant had committed the "three strikes" warranting a life sentence.  Id.  Second, the Court interpreted the "prior felony convictions" language in the career offender guideline's third element to be satisfied if, prior to sentencing for this offense, the defendant had been convicted of two qualifying offenses.  (See

---

[2] 18 U.S.C. 3559(c)(1) states, in pertinent part, "Each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense."

[3] U.S.S.G. § 4B1.1 classifies a person as a career offender if the following three criteria are satisfied:  "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

Criminal No. 08-164 (FAB)                                                5
_____

id. at pp. 5-13, 41; Davila-Felix, 667 F. 3d at 54.)  Because defendant "was 18 years old or older at the time he committed the offense, because he had two prior convictions -- two prior convictions of crimes of violence, and because this offense is a felony that entails a crime of violence," the Court concluded that defendant qualified as a career offender pursuant to section 4B1.1 of the Guidelines and merited the sentencing enhancement of life imprisonment.  (Docket No. 99 at p. 41.)  Defendant appealed.

   B. **The First Circuit Court of Appeals' Ruling**

   On appeal, the First Circuit Court of Appeals reversed the sentence imposed by this Court, finding error in the Court's statutory interpretations of both 18 U.S.C. § 3559(c)(1) and section 4B1.1 of the Sentencing Guidelines.  Davila-Felix, 667 F.3d at 49.

   1. **The Three Strikes Provision**

   Interpreting the three strikes language of 18 U.S.C. § 3559(c)(1) to require a sequential approach, the First Circuit Court of Appeals found that a defendant's offense of conviction must be committed not only after the preceding offenses, but also after the defendant's *conviction* for the preceding offenses.  Id. at 52-53.  Under that statutory interpretation, defendant's April 5, 2004 convictions could not serve as his "second strike," because the convictions occurred *after* the acts giving rise to the September 8, 2003 armed bank robbery.  In the interest of completeness, the First Circuit Court of Appeals then applied the statute to the facts before it to examine whether the drug

Criminal No. 08-164 (FAB)                                                      6

convictions listed in the government's information could substitute as predicate offenses.  Id. at 53 n.7.  Ultimately, it found, "On the record before us, [defendant's] June 1993 and July 2000 drug convictions identified in the information cannot serve as a 'serious drug offense' for the purposes of § 3559(c)(1) such that they would qualify as a second strike under the statute."  Id. at 53.  A "serious drug offense" pursuant to § 3559(c)(1) requires conduct involving a drug quantity sufficient to be punishable under 21 U.S.C. §§ 841(b)(1)(A), 848, or 960(b)(1)(A).  See 18 U.S.C. § 3559(c)(2)(H).  Because Article 404 of the Controlled Substances Act of Puerto Rico--the statute under which defendant was convicted in July 2000, however, "prohibits only simple possession and makes no mention of drug quantity," the First Circuit Court of Appeals found that on the record before it, defendant's July 2000 conviction does not qualify as a "serious drug offense."  Davila-Felix, 667 F.3d at 53.  The First Circuit Court of Appeals applied similar reasoning to defendant's June 25, 1993 conviction, stating that the Commonwealth court records of that conviction presented by the government were insufficient to show that it constituted a "serious drug offense" pursuant to 18 U.S.C. § 3559(c)(2)(H).  Id. at 54.

    **2.   The Career Offender Guideline**

Interpreting section 4B1.2(b) of the Sentencing Guidelines, the First Circuit Court of Appeals found that the third element of the career offender guideline requires a defendant's convictions for two qualifying prior offenses to have occurred

Criminal No. 08-164 (FAB)                                              7

*prior to the commission* of the offense of conviction. <u>Davila-Felix</u>, 667 F.3d at 55.  Under that statutory interpretation, the First Circuit Court of Appeals again reasoned that defendant's April 5, 2004 convictions cannot serve as a "prior felony conviction" because those convictions occurred *after* September 8, 2003, when the acts giving rise to the offense of conviction took place.  The First Circuit Court of Appeals then applied the guideline to the record before it and analyzed whether defendant's other convictions qualify as a controlled substance offense sufficient for sentencing enhancement. It concluded that the record before it was insufficient to make that determination.  "On the record before us, the information presented regarding these drug convictions simply does not contain the requisite information that would permit a court to determine whether they indeed constitute 'controlled substance offenses' as defined by U.S.S.G. § 4B1.2(b)." <u>Id.</u> at 55.  Explaining that "the Government bears the burden of establishing that a prior conviction qualifies as a predicate offense for sentencing enhancement purposes," the First Circuit Court of Appeals reasoned that the documents on which the government relied to establish defendant's 1993 drug convictions-- certified copies of the judgments--were insufficient. <u>Id.</u>  Because the government needed to prove more than the mere existence of the judgments, but also that the underlying offense qualifies as a "controlled substance offense," the First Circuit Court of Appeals applied the "categorical approach" adopted by the Supreme Court in

Criminal No. 08-164 (FAB)                                                    8

Taylor v. United States, 495 U.S. 575, 600-02 (1990) to make that determination.  Id. at 55-56.

The First Circuit Court of Appeals first noted that this case fits into a "narrow range of cases" warranting an analysis of "the facts that can be mined from the record of conviction," because the Commonwealth's Article 401 encompasses both predicate and non-predicate conduct.  Davila-Felix, 667 F.3d at 56.  It then analyzed "the facts that can be mined from the record of conviction," Id. at 56, and found that "the details of the prior conviction are not made readily apparent by the record of the convicting court." Id. at 57.  "[O]n the record before us, the Government has not met its burden of proving that [defendant's] prior drug conviction qualified as a career offender predicate." Id. at 57.

Throughout its opinion, and most notably in its holdings, the First Circuit Court of Appeals repeatedly referenced the insufficient record as to defendant's prior convictions.  See infra, pp. 12-14.  At the beginning of the judgment, it stated, "[T]he record does not support the imposition of a life sentence under the federal "three strikes" provision, 18 U.S.C. § 3559(c)(1).  Nor does the record support the imposition of a sentence under the career offender provision of the United States Sentencing Guidelines.  See U.S.S.G. § 4B1.1.  Accordingly, we reverse the judgment of the district court to the extent that it imposed such a sentence and remand the case to permit the imposition of a new sentence." Davila-Felix, 667 F.3d at 49.  The

Criminal No. 08-164 (FAB)                                               9

First Circuit Court of Appeals later echoed that sentiment in the judgment's conclusion: "The record provides insufficient information to justify the imposition of the sentence on the basis of Mr. Davila-Felix's prior drug offenses. Accordingly, the sentence imposed by the district court is reversed and the case is remanded for re-sentencing."  Id. at 57.

## II.  LEGAL DISCUSSION

Defendant advances two arguments to support its conclusion that the government is precluded from presenting new evidence at re-sentencing.  First, defendant contends that the scope of remand in this case is limited under the mandate rule, "which prevents a district court on remand from re-litigating issues decided by the appellate court on the first-go around."  United States v. Bryant, 643 F.3d 28, 33 (1st Cir. 2011).  Specifically, defendant reasons that the Court need not determine whether or not the government may present additional documents at re-sentencing because "the First Circuit already ruled on this issue."  (Docket No. 125 at p. 5.) Second, defendant argues that the government had the chance to argue during sentencing whether defendant's June 25, 1993 convictions meet the three strike and career offender standards, but that "[i]nstead, the government conceded during the sentencing hearing that the July 25, 1993 state drug conviction should not be taken into consideration by the Court since the state indictment and judgment did not include the type and quantity of drugs involved.  This concession also constitutes a waiver and bars the government to re-litigate the issue."  Id. at p. 7.  By choosing

not to present additional evidence at sentencing, defendant contends, the government forever waived its argument that defendant's prior convictions qualify as a predicate offense. (Docket No. 131 at p. 7.)  Defendant's arguments are unavailing for the reasons discussed below.

### A.    The Scope of The Remand

The scope of a remand depends upon the determinations made on appeal by the First Circuit Court of Appeals:  "Upon a re-sentencing occasioned by a remand, unless the court of appeals has expressly directed otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision--whether by the reasoning or by the result."  Bryant, 643 F.3d at 33 (quoting United States v. Ticchiarelli, 171 F.3d 24 (1st Cir. 1999)).  To determine whether the Court may consider the government's additional evidence in this case, therefore, the Court starts by assessing just what is open to it on remand.  See Bryant, 643 F.3d at 33.  In its judgment, the First Circuit Court of Appeals iterated its holding on two separate occasions.  At the beginning, it stated:  "We hold that the record does not support the imposition of a life sentence under the federal 'three strikes' provision, 18 U.S.C. § 3559(c)(1).  Nor does the record support the imposition of a sentence under the career offender provision of the United States Sentencing Guidelines.  See U.S.S.G. § 4B1.1.  Accordingly, we reverse the judgment of the district court to the extent that it imposed such a sentence and remand the case to permit the imposition of a new

Criminal No. 08-164 (FAB)                                            11

sentence." Davila-Felix, 667 F.3d at 49.  Later, in the conclusion, it stated, "The district court's interpretation of the three strikes provision of 18 U.S.C. § 3559(c)(1) and its interpretation of the career offender guideline contained in § 4B1.1 of the Sentencing Guidelines were erroneous.  The record provides insufficient information to justify the imposition of the sentence on the basis of [defendant's] prior drug offenses. Accordingly, the sentence imposed by the district court is reversed and the case is remanded for re-sentencing."  Id. at 57–58.

Nothing in the First Circuit Court of Appeals' language indicates that the remand is limited in scope.  Nowhere in the judgment does it say that the record submitted to the First Circuit Court of Appeals is the only thing available to the Court to consider at re-sentencing.  See Bryant, 643 F.3d at 33.  Nor does it expressly or impliedly forbid the district court from reconsidering defendant's sentence in any other respect.  Id.  The Court's original imposition of a life sentence, as the First Circuit Court of Appeals held, was made on an erroneous interpretation of both the three strikes provision and the career offender guideline.  See generally Davila-Felix, 667 F.3d 47.  At re-sentencing, therefore, the Court must consider defendant's prior convictions under a new interpretation of each statute.  This inevitably makes relevant additional evidence concerning defendant's June 25, 1993 convictions, such as the indictment, statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by

Criminal No. 08-164 (FAB)                                                    12

the Commonwealth trial judge to which the defendant assented, because it will allow the Court to ascertain which of the multiple offenses outlined in the Puerto Rico statute served as the offense of conviction.  See Davila-Felix, 667 F.3d at 57.

Moreover, the First Circuit Court of Appeals' determinations as to the insufficiency of defendant's prior convictions under the three strikes provision and the career offender guideline do not preclude this Court from deciding the issue at re-sentencing.  This is because the First Circuit Court of Appeals repeatedly limited its findings to what was "on the record" before it on appeal.  See, e.g., Davila-Felix, 667 F.3d at 53 ("*On the record before us*, [defendant's] June 1993 and July 2000 drug convictions identified in the information cannot serve as a 'serious drug offense' for the purposes of § 3559(c)(1) such that they would qualify as a second strike under the statute.") (emphasis added); Id. at 55 ("*On the record before us*, the information presented regarding these drug convictions simply does not contain the requisite information that would permit a court to determine whether they indeed constitute 'controlled substance offenses' as defined by U.S.S.G. § 4B1.2(b).") (emphasis added); Id. at 57 ("[B]ut the details of the prior conviction are not made readily apparent *by the record* of the convicting court.") (emphasis added); Id. ("We therefore conclude that, *on the record before us*, the Government has not met its burden of proving that [defendant's] prior drug conviction qualified as a career offender predicate.") (emphasis added).  Indeed, both times the First Circuit Court of

Criminal No. 08-164 (FAB)                                                    13

Appeals iterated its holding, it indicated that "the record before it" did not support the imposition of the Court's sentence of life imprisonment.  Davila-Felix, 667 F.3d at 49 ("We hold that *the record does not support* the imposition of a life sentence under the federal 'three strikes' provision, 18 U.S.C. § 3559 (c)(1).  *Nor does the record support* the imposition of a sentence under the career offender provision of the United States Sentencing Guidelines.") (emphasis added); Id. at 57 ("*The record provides insufficient information* to justify the imposition of the sentence on the basis of [defendant's] prior drug offenses.") (emphasis added).

The First Circuit Court of Appeals determined, only on the record before it, that defendant's prior convictions failed to satisfy either the three strikes provision or the career offender guideline.  Its repeated references to "the record," coupled with the absence of any restriction on the scope of remand, indicate that the First Circuit Court of Appeals' findings as to defendant's prior convictions are limited, and that this Court is not precluded from determining the issues with a more complete record at re-sentencing.

**B.   Waiver**

To determine if a waiver occurred, a district court must look to whether a party had sufficient incentive to raise the issue in a prior proceeding.  Ticchiarelli, 171 F.3d at 32-33; see also Bryant, 643 F.3d at 34.  The district court must approach the issue of waiver under a fact-intensive and case-by-case analysis.

Ticchiarelli, 171 F.3d at 32-33.  Here, the Court concludes that there was no waiver because the government need not have argued the issue of defendant's June 25, 1993 convictions on appeal, and ample explanation exists for its decision not to present further evidence as to defendant's June 25, 1993 convictions at sentencing.  See id.

At defendant's sentencing hearing in September 2009, both parties and the Court referenced the pre-sentencing report–-which contains defendant's June 25, 1993 and July 20, 2000 convictions--to determine which of defendant's prior convictions suffice under the three strikes provision and the career offender statute. (Docket No. 99 at pp. 7-13, 40-44.)  Defendant admits that the government had a choice of several convictions upon which to rely for the enhanced penalty, because the government's information (Docket No. 53) lists all four of defendant's prior convictions: May 26, 1993, June 25, 1993, July 20, 2000, and April 5, 2004. (Docket No. 83 at p. 10.)  The government did acknowledge at the sentencing hearing that the record was insufficient to determine the underlying offense of the June 25, 1993 convictions.  (Docket No. 99 at pp. 9-10.)  No incentive to delve further into the facts of those convictions existed at that time, however, because the government believed that it could still rely on another conviction–-from April 5, 2004--to satisfy its burden.  Id. Indeed, the Court interpreted 18 U.S.C. § 3559(c)(1) and section 4B1.1 of the Guidelines to allow consideration of the April 5, 2004 convictions and ultimately relied on the May 26, 1993 and April 5, 2004 convictions to satisfy the three strikes provision and career

```
Criminal No. 08-164 (FAB)                                           15
```

offender statute. (Docket No. 99 at pp. 7-13, 40-44.) Because the Court considered the May 26, 1993 and April 5, 2004 convictions to satisfy the government's burden, therefore, there was no incentive for the government to present any additional evidence as to defendant's June 25, 1993 convictions.

Defendant points to the government's motion requesting voluntary remand for re-sentencing submitted during the pendency of the appeal to support defendant's claim that the government waived its argument. Specifically, it alleges that "the government conceded that it failed to object to the predicate offenses used by this honorable court to designate [defendant] as a career offender[,] [and] . . . also argued that only the June 25, 1993 convictions qualified as a second predicate offense." (Docket No. 131 at p. 15.) The First Circuit Court of Appeals denied the government's motion, and acknowledged in its opinion that "[o]n appeal, the Government confines its argument with respect to § 3559(c)a to one of statutory interpretation. We therefore note that the Government does not address whether [defendant]'s prior drug convictions constitute predicate offenses under the federal three strikes provision." Davila-Felix, 667 F.3d at 53 n.7. It then went on "in the interest of completeness" to evaluate defendant's prior drug convictions on the record before it. Id. The Court does not find this to be determinative as to the issue of waiver under First Circuit precedent.

As Bryant makes clear, whatever Ticchiarelli precludes "as to arguments that were made and lost or should have been made

Criminal No. 08-164 (FAB)                                          16

but were not, it can hardly extend to arguments that a party could not have reasonably been expected to make in the prior sentencing." 643 F.3d at 33-34.  Because the Court at sentencing allowed the government to proceed based on the April 5, 2004 convictions and not the June 25, 1993 convictions, the government had no further incentive at that time to present additional evidence as to the details of the June 25, 1993 convictions.  Therefore, the government has not waived its argument as to whether defendant's June 25, 1993 convictions satisfy the three strikes statute or career offender guideline.

### III.  CONCLUSION

The First Circuit Court of Appeals did not limit the scope of its remand to this Court.  Indeed, after concluding that the details of defendant's prior convictions "are not made readily apparent" by the record of the convicting Commonwealth court, the First Circuit Court of Appeals illuminated the type of evidence a sentencing court may consider to determine the offense conduct underlying a prior conviction.  See Davila-Felix, 667 F.3d at 57 (indicating that although a presentence report may not ordinarily be used, the district court may consider "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," Shepard v. United States, 544 U.S. 13, 16 (2005), as well as the indictment of defendant's prior convictions.  United States v. Dancy, 640 F.3d 455, 466 (1st Cir. 2011)).  The First Circuit Court of Appeals' judgment

Criminal No. 08-164 (FAB)                                              17

remanding the case for re-sentencing makes newly relevant the facts supporting defendant's June 25, 1993 convictions.  In order to sentence defendant, the Court must apply both the three strikes provision and the career offender guideline under new statutory interpretations to defendant.  This, in turn, requires the Court to consider the details underlying defendant's prior convictions.  The presentation of such details is not a revival of an issue the government "allowed to die" at the original sentencing hearing.  To the contrary, it breathes life into a previously dormant issue because the Court's initial statutory interpretations did not require consideration of those details at sentencing.  See Ticchiarelli, 171 F.3d at 32.  The government, therefore, should not be precluded from presenting additional evidence as to defendant's June 25, 1993 convictions, see Bryant, 643 F.3d at 33, and the Court concludes that it MAY CONSIDER such documents for re-sentencing.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 6, 2012.

> s/ Francisco A. Besosa
> FRANCISCO A. BESOSA
> UNITED STATES DISTRICT JUDGE